IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THEODORE THOMAS (5)<br>a.k.a. "Bodega" | CASE NO. 3:23-CR-0235-N |

## FACTUAL RESUME

In support of Theodore Thomas' plea of guilty to the offense in Count One of the second superseding indictment, Thomas, the defendant, James Lee Bright, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the second superseding indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with intent to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, as charged in the second superseding indictment;

*Second.* That the defendant knew of the unlawful purpose of the agreement; and

[the remainder of this page left intentionally blank]

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2024).

*Third.* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

The elements of possession with the intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

*First.* That the defendant knowingly or intentionally possessed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

*Second.* That the substance was in fact a mixture or substance containing a detectable amount of cocaine; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

**STIPULATED FACTS**

1. Beginning on or about April 2022, the exact date being unknown, and continuing through on or about May 12, 2023, in the Dallas Division of the Northern District of Texas, the defendant, **Theodore Thomas**, a.k.a. "Bodega," did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others both known and unknown to the Grand Jury, to commit certain offenses against the United States, namely: to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, and in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). All in violation of 21 U.S.C. § 846.

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

2. In approximately April 2022, Dallas Police Department (DPD) detectives were working in an undercover capacity conducting a narcotics investigation at 2932 E. Illinois Avenue, Dallas, Texas—also known as the "Rich Tobacco Smoke Shop," "Rich Tobacco," or "Top Choice Tobacco Shop." This drug distribution location, disguised as a storefront, is operated by Get Rich Cartel (GRC) members and codefendants Cedric Bradley and Jerry Johnson. After several purchases of marijuana and crack cocaine, DPD executed an evidentiary search warrant at the shop on May 11, 2022.

3. The defendant, along with codefendants Bradley, Johnson, and Jaquail Bufford, were found in the shop on May 11, 2022. DPD also seized United States currency, marijuana, distribution quantities of cocaine, suspected synthetic cannabinoid (also known as "K2") a digital video recording system, and one firearm. The firearm was located in the defendant's backpack and in close proximity to distributable quantities of cocaine. The suspected K2 was sent to the Drug Enforcement Administration (DEA) laboratory and on April 3, 2023, a Senior Forensic Chemist with the DEA determined that the substance contained fentanyl.

4. The digital video recording system was searched, and agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) identified the defendant as working shifts at the shop and engaging in hand-to-hand transactions with individuals inside the shop on numerous days.

5. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The

limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the second superseding indictment.

AGREED TO AND STIPULATED on this 4th day of February, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

THEODORE THOMAS
Defendant

JAMES LEE BRIGHT
Attorney for Defendant

MYRIA BOEHM
Assistant United States Attorney
Texas State Bar No. 24069949
1100 Commerce Street, Third Floor
Dallas, TX 75242
Tel: 214-659-8600
Fax: 214-659-8812
Email: myria.boehm@usdoj.gov